CHRISTOPHER J. PASSARELLI, SBN 241174
JOY L. DURAND, SBN 245413
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Ste. 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
PAVO REAL WINES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVO REAL WINES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>COGNAC ONE LLC and DOES 1 to 10<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>**1. Declaratory Relief**<br>**2. Lack of Intent to Use Trademark**<br>**3. Abandonment Of Trademark**<br>**4. Inequitable Conduct**<br>**5. Federal Trademark Infringement**<br>**6. Federal Unfair Competition**<br>**7. Common Law Trademark Infringement**<br>**8. Common Law Unfair Competition**<br>**9. California Unfair Business Practices**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, PAVO REAL WINES, LLC, for its complaint against Defendants, COGNAC ONE LLC and DOES 1 to 10 alleges as follows:

**NATURE OF ACTION**

1. This is an action for declaratory relief under the Declaratory Judgment Act seeking a declaration of the Court that Plaintiff, Pavo Real Wines, LLC ("Plaintiff") has not infringed and/or violated any rights of Defendant, Cognac One LLC ("Cognac One") under the Lanham Act by virtue of Plaintiff's registration and use of the trademark PAVO REAL on or in connection with wine; that Plaintiff's PAVO REAL mark is a

valid, protectable mark rightfully owned by Plaintiff; that Plaintiff is the rightful owner of valid U.S. Trademark Registration No. 4,875,147 for the mark PAVO REAL, or alternatively that, at the very least, Plaintiff has superior common law and/or registered rights in the mark PAVO REAL in one or more geographic regions of the U.S. and/or is a concurrent user despite any competing trademark rights that Cognac One may otherwise have. This action is also brought to redress unfair business practices and violations of the federal Lanham Act for trademark infringement, unfair competition and invalidity of Defendant Cognac One's asserted PAVO REAL trademark: (1) by virtue of Cognac One's lack of continuous, bona fide commercial use of its asserted mark in the U.S.; (2) due to Cognac One's lack of any bona fide intent to use its asserted mark on or in connection with the goods claimed in its pending application for registration; (3) due to Cognac One's nonuse for three consecutive years and abandonment of its alleged PAVO REAL mark on or in connection with the goods claimed in its pending application; (4) on the basis of Plaintiff's prior trademark use and federal registration of the mark PAVO REAL; and (5) Cognac One's inequitable conduct in failing to disclose to the USPTO the intervening period(s) of nonuse and abandonment of the mark PAVO REAL in connection with its Application Serial Nos. 77/327,188 and 87/147,957.

## THE PARTIES

2. Plaintiff, Pavo Real Wines, LLC, is a California limited liability company with its principal place of business located at 1999 Sage Canyon Road, St. Helena, California 94574.
3. Upon information and belief, Defendant, Cognac One LLC, is a New York limited liability company with its principal place of business located at 140 W. 57th St., Suite 12C, New York, NY 10019.
4. Upon information and belief, the Defendants sued herein as DOES 1-10 are individuals and entities whose names and identities are currently unknown to Plaintiff and who are

engaged in the acts described below. Plaintiff will amend this complaint to identify these individuals or entities as soon as their identities become known.

5. Plaintiff is informed and believes and, based thereon alleges that at all times relevant to this complaint, there existed a relationship between each of the defendants in the nature of a joint venture, partnership, principal and agent, employer and employee, master and servant, aider and abettor, and principal and/or conspirator. Each and every act of each of the defendants was duly authorized or ratified by each of the other defendants and carried out within the course and scope of such relationship. Hereafter, Defendants Cognac One LLC and DOES 1-10 shall be referred to collectively as "Defendants."

## **JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) as the claims arise under the federal Lanham Act, 15 U.S.C. §§ 1114-1127. This Court also has jurisdiction over this matter under 28 U.S.C. §§ 2201(a) and 2202 in that this is an action for declaratory judgment that the Plaintiff does not infringe any right or alleged trademark of Defendant Cognac One and for judgment that Cognac One's corresponding federal trademark application is void *ab initio* and/or otherwise invalid. This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

7. Upon information and belief, Defendants, either directly or through their agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, sent a threatening legal demand to Plaintiff into this district, and otherwise expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district. Cognac One appears to be registered as a foreign (New York) limited liability company with the California Secretary of State.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), § 1391(c)(2) and/or § 1391(d), as Defendants are doing business in this judicial district and therefore may

be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is subject to assignment on a district-wide basis.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff, Pavo Real Wines, LLC ("Plaintiff") is a limited liability company engaged in the sale of wine. Plaintiff has been in business since 2015 and its predecessor, Elliott Taylor has been selling wine in commerce since August, 14, 2015. Plaintiff filed its Articles of Organization with the California Secretary of State under the trade name PAVO REAL WINES, LLC on September, 10, 2015 and has since continuously used that trade name in the establishment of its business.

11. Plaintiff is the owner of the federally registered trademark, PAVO REAL (U.S. Trademark Registration No. 4,875,147) in connection with "Red wine; Red wines; Sparkling wines; Sweet wines; White wine; Wine; Wines," claiming first use in commerce through its predecessor at least as early as August 14, 2015. A copy of the USPTO TSDR printout for Reg. No. 4,875,147 is attached hereto as Exhibit A.[1]

12. At all times relevant to the acts complained of herein, Plaintiff has used the PAVO REAL mark to identify its goods and to distinguish them from the goods made and sold or offered by others by, among other things, prominently displaying the marks on the website URL <pavorealwines.com> and on its labels physically affixed to its goods. Screenshots from Plaintiff's website URL, <pavorealwines.com>, showing use of the mark PAVO REAL and the goods that are sold by Plaintiff under the PAVO REAL mark, are attached as Exhibit B.

[1] The mark PAVO REAL and corresponding U.S. Trademark Reg. No. 4,875,147 were assigned to Plaintiff by Elliott Taylor on September 21, 2016 and recorded with the USPTO on the same date, ETAS ID No. TM399309. The Assignment abstract for Reg. No. 4,875,147 is not available as of the date of this filing. A copy of the USPTO electronic assignment confirmation is included with Exhibit A.

13. On information and belief, Defendant Cognac One is allegedly engaged in the importation and sale of wine under various names, including: Xavier Flouret.

14. On information and belief, Cognac One does not currently produce or sell any wine in the U.S. under the mark PAVO REAL.

15. Upon information and belief, from a time prior to Cognac One's application filing date(s), and/or constructive U.S. priority date for Cognac One's alleged PAVO REAL mark, Plaintiff used the trade name "PAVO REAL WINES, LLC" and/or the mark "PAVO REAL" in the United States, including Plaintiff's use or analogous use of the mark and/or trade name in pre-sales activities, and at no time abandoned the trade name and mark.

16. On November 12, 2007, Cognac One filed its first trademark application Serial No. 77/327,188 for the mark PAVO REAL on the basis of intent to use in connection with "Wine; Aperitif wines; Cooking wine; Fruit wine; Grape wine; Natural sparkling wines; Port wines; Red wine; Sparkling wines; White wine" in Class 33.

17. On or around April 27, 2009, the USPTO issued an Office Action refusing registration of Cognac One's Application Ser. No. 77/327,188, to which Office Action no response was timely filed by Cognac One.

18. On November 25, 2009, the USPTO issued a Notice of Abandonment to Cognac One setting a two month period within which to revive Application Serial No. 77/327,188. No Petition to Revive Application Ser. No. 77/327,188 was filed.

19. On April 30, 2014, Plaintiff's predecessor in interest, Elliott Taylor ("Taylor"), filed trademark Application Ser. No. 86/267,144 for the mark PAVO REAL for "Red wine; Red wines; Sparkling wines; Sweet wines; White wine; Wine; Wines," which was Published for Opposition on January 27, 2015 and matured unopposed into U.S. Trademark Registration No. 4,875,147.

20. Plaintiff's predecessor Taylor was unaware of Cognac One and its alleged PAVO REAL wine at the time he filed Appln. Ser. No. 86/267,144.

21. On August 23, 2016, seven years after abandoning its first application, Cognac One filed a second application for the mark PAVO REAL (Application Ser. No. 87/147,957) in connection with “wines” in Class 33 claiming a date of first use in commerce of April 1, 2009 (i.e., during the pendency of its abandoned intent to use application).

22. Both abandoned Appln. Ser. No. 77/327,188 and the more recent Appln. Ser. No. 87/147,957 were signed and filed by Cognac One’s counsel, the law firm Cozen O’Connor in Philadelphia, PA.

23. Cognac One’s Declaration of Use under Section 1(a) for Appln. Ser. No. 87/147,957 was executed by its counsel, which upon information and belief, lacked any first-hand personal knowledge regarding the accuracy of the facts contained in the application, including Cognac One’s asserted date of first use of PAVO REAL in commerce, whether the mark is currently in use in commerce by Cognac One, and Cognac One’s eligibility to seek federal registration.

24. Upon information and belief, Cognac One’s counsel was aware of abandoned Appln. Ser. No. 77/327,188, which it previously filed on Cognac One’s behalf.

25. Upon information and belief, Cognac One’s alleged April 1, 2009 date of first use in commerce for the mark PAVO REAL contained in Appln. Ser. No. 87/147,957 contradicts publicly available USPTO records for its prior Appln. Ser. No. 77/327,188 which records indicate that Cognac One was not using the mark PAVO REAL as of April 1, 2009, and that Cognac One abandoned the PAVO REAL mark as evidenced by the USPTO Notice of Abandonment for Appln. Ser. No. 77/327,188, which issued on November 25, 2009.

26. Upon information and belief, Cognac One was not using the mark PAVO REAL for wine in U.S. commerce as of April 1, 2009.

27. Cognac One did not oppose the application which matured into Plaintiff’s Reg. No. 4,875,147 when it Published for Opposition.

28. Upon information and belief, there have been no products sold in U.S. commerce by Cognac One under the mark PAVO REAL for at least three years.

29. Upon information and belief, Cognac One PAVO REAL branded products are not generally available to consumers at retail in the U.S. on a commercial scale sufficient to support the establishment or maintenance of federal or common law trademark rights by Cognac One.

30. On or around August 26, 2016, Cognac One through counsel sent a letter (the "August 26 Letter") to Plaintiff's counsel (included herewith as Exhibit C). In the August 26 Letter, Cognac One contends (1) that it is a "leading wine importer and wholesaler in the United States" (2) that it has been using the PAVO REAL trademark in connection with wine since April 2009, and "substantial goodwill" has been generated as a result; (3) that Cognac One has prior rights in and the exclusive right to use the PAVO REAL mark in connection with wine; (4) that Plaintiff's mark is identical to Cognac One's alleged PAVO REAL mark and used in connection with the same goods; and (5) that such actions are very likely to cause consumers to believe, erroneously, that Plaintiff's goods are endorsed, sponsored or somehow affiliated with Cognac One or a licensed user thereof; and (6) that Plaintiff's registration and use of PAVO REAL infringes upon Cognac One's trademark rights, and dilutes the value of Cognac One's PAVO REAL brand. The August 26 Letter goes on to demand abandonment of Reg. No. 4,875,147 and cessation of any use or attempted registration, and providing for seven days within which Plaintiff must agree to Cognac One's demand.

31. In response to the August 26 Letter, Plaintiff's counsel replied via email on September 1, 2016 indicating that a substantive response would be coming, and placed a call to Cognac One's counsel requesting evidence of continuous, bona fide use in commerce of the mark PAVO REAL by Cognac One from a time prior to the filing date of Plaintiff's application which matured into Reg. No. 4,875,417 in order to evaluate the claims in the August 26 Letter.

32. In response, counsel for Cognac One sent an email communication to Plaintiff's counsel on September 2, 2016 to inform counsel that Cognac One had filed a Petition to

Cancel Reg. No. 4,875,417 at the United States Patent and Trademark Office ("USPTO") Trademark Trial and Appeal Board ("TTAB") (Proceeding No. 92064351).

33. As of this filing, Cognac One's counsel has not provided to Plaintiff the requested evidence of Cognac One's use of the PAVO REAL mark predating Plaintiff's priority date.

34. Upon information and belief, Cognac One was not using the PAVO REAL mark in commerce as of the filing date of the application which matured into Plaintiff's Reg. No. 4,875,417.

35. Upon information and belief, Cognac One began use and/or resumed use of the mark PAVO REAL at common law, if at all, after Plaintiff's or Plaintiff's predecessor's adoption, registration and/or use of the PAVO REAL mark for wine.

36. Upon information and belief, Cognac One was aware of Plaintiff's PAVO REAL Reg. No. 4,875,147 on the date it filed Appln. Ser. No. 87/147,957 for the identical mark.

37. Cognac One filed Appln. Ser. No. 87/147,957 after Plaintiff's predecessor in interest adopted, used and registered the mark PAVO REAL in the United States.

## FIRST CAUSE OF ACTION

(Declaration of Plaintiff's Non-Infringement and No Unfair Competition)

38. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

39. There is presently a dispute between Plaintiff and Defendants regarding the parties' rights.

40. Defendant Cognac One, on the one hand, contends that it owns rights in and to the mark PAVO REAL, subject of Appln. Ser. Nos. 77/327188 and 87/147,957 and that Plaintiff's use of the PAVO REAL mark subject of Reg. No. 4,875,147 will cause confusion with Cognac One's applied-for mark or otherwise infringe the rights of Cognac One in violation of federal and state trademark and unfair competition law.

41. Plaintiff, on the other hand, contends that its use and registration of the PAVO REAL mark for wine is valid and enforceable, such that Cognac One is creating a likelihood of confusion and infringing Reg. No. 4,875,147 by virtue of any alleged use of the mark PAVO REAL, and Cognac One is improperly attempting to register the mark with the USPTO despite knowledge of its lack of priority and its own abandonment of the mark.

42. For all of the foregoing reasons, among others, Plaintiff disputes the Defendants' contentions and contends that Plaintiff's use of the mark PAVO REAL in connection with wine does not infringe any valid, enforceable trademark rights of Cognac One or constitute unfair competition under any federal or state trademark or unfair competition laws.

43. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a judicial declaration as to whether its use or registration of the PAVO REAL mark (i) infringes any valid rights of Cognac One in the PAVO REAL mark, or (ii) constitutes unfair competition.

**SECOND CAUSE OF ACTION**

(Declaration of Invalidity as to Cognac One's Application as Void *Ab Initio*)

44. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

45. Plaintiff contends that its use and registration of the mark PAVO REAL prior to the application date of Cognac One acts as a bar to Cognac One's federal registration and therefore renders corresponding Application Ser. No. 87/147,957 void *ab initio* and/or otherwise invalid because Cognac One's proposed PAVO REAL mark does not qualify for use in commerce, nor federal registration pursuant to the Trademark Act, Section 2(d).

46. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a judicial declaration as to whether the Cognac One's proposed mark and its

corresponding Appln. Ser. No. 87/147,957 qualify for use or federal registration in light of Plaintiff's prior Reg. No. 4,875,147.

**THIRD CAUSE OF ACTION**
(Declaration of Validity and Ownership by Plaintiff of Reg. No. 4,875,147)

47. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

48. Plaintiff contends that its common law PAVO REAL mark and corresponding Reg. No. 4,875,147 are valid, registerable, enforceable trademarks properly owned by Plaintiff.

49. Defendant Cognac One, on the other hand, contends that the Plaintiff's PAVO REAL mark and registration are likely to cause confusion and are not properly subject to federal registration.

50. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a judicial declaration that Plaintiff's common law PAVO REAL mark and corresponding Reg. No. 4,875,147 qualify for continued use and/or federal registration as valid, protectable trademarks rightfully owned by Plaintiff.

**FOURTH CAUSE OF ACTION**
(Declaratory Judgment – Common Law User in a
Remote Geographic Area - 15 U.S.C. § 1115(b)(5))

51. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

52. Plaintiff contends that it has the right to use the common law PAVO REAL mark and corresponding Reg. No. 4,875,147 within the State of California and other geographic regions of the U.S. pursuant to 15 U.S.C. § 1115(b)(5), as Plaintiff has continuously used the PAVO REAL mark within California and other regions within the United States uninterrupted since at least as early as August 14, 2015.

53. Plaintiff applied for registration and subsequently began using the PAVO REAL mark without knowledge of any prior use or attempted registration of the mark by Defendant Cognac One.

54. Upon information and belief, Plaintiff used the PAVO REAL mark in California and other regions within the United States before Cognac One used the PAVO REAL mark within California and other regions within the United States.

55. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a judicial declaration that the common law PAVO REAL mark and corresponding Reg. No. 4,875,147 are valid, protectable trademarks rightfully owned by Plaintiff in certain specific geographic region(s), including but not limited to those geographic areas where Plaintiff's common law use or priority predates Cognac One's common law use or priority for its alleged PAVO REAL mark.

**FIFTH CAUSE OF ACTION**
(Declaratory Judgment - Concurrent Use)

56. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

57. Plaintiff contends in the alternative that its use of and rights in the common law PAVO REAL mark and corresponding Reg. No. 4,875,147 give rise to concurrent use of the PAVO REAL mark by both Plaintiff and Cognac One within California and other geographic regions within the United States with respect to wine.

58. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a judicial declaration that the common law PAVO REAL mark and corresponding Reg. No. 4,875,147 are valid, protectable trademarks in the specific geographic region(s) where Plaintiff's use of the PAVO REAL mark is concurrent with Cognac One's use elsewhere.

\\

**SIXTH CAUSE OF ACTION**
(Lack of Bona Fide Intent to Use)

59. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

60. Upon information and belief, at all times herein, or at least as of the filing date(s) and/or constructive priority date(s) of U.S. Trademark Application Serial Nos. 77/327,188 and 87/147,957, Defendant Cognac One lacked and currently lacks the bona fide intent to use the mark PAVO REAL for wine in U.S. commerce and in fact never had bona fide intent to use in commerce the mark PAVO REAL in connection with wine on a continuous, commercially reasonable scale, but by filing its applications merely intended to reserve a right in the mark PAVO REAL in the U.S. in violation of the Trademark Act, Section 1(b).

61. Upon information and belief, by virtue of Cognac One's lack of bona fide intent to use the mark PAVO REAL in relation to the goods claimed in Appln. Ser. No. 87/147,957, the application is rendered void *ab initio*.

**SEVENTH CAUSE OF ACTION**
(Trademark Abandonment - 15 U.S.C. § 1127)

62. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

63. Upon information and belief, Cognac One has not used and will not use the PAVO REAL mark in continuous, bona fide commercial transactions in commerce on or in connection with wine, and Cognac One has no intent to do so. As a result of Cognac One's failure to use the PAVO REAL mark in commerce on or in association with the identified goods, the PAVO REAL mark at common law, as well as Trademark Application Serial No. 87/147,957 are void *ab initio*.

64. Upon information and belief, Cognac One has ceased using the PAVO REAL mark in U.S. commerce for wine and Cognac One does not intend to use the PAVO REAL mark on the goods identified in Appln. Serial No. 87/147,957.

65. Upon information and belief, Cognac One has not used the PAVO REAL mark in commerce in connection with the goods identified in Appln. Serial No. 87/147,957 for at least three continuous years preceding the date of filing of this Complaint.

66. Upon information and belief, Cognac One has never used the PAVO REAL mark in U.S. interstate commerce in connection with the goods identified in Appln. Serial No. 87/147,957.

67. Upon information and belief, Cognac One had and/or has no intent to resume use in commerce of the PAVO REAL mark on or in connection with the goods identified in Appln. Serial No. 87/147,957.

68. Upon information and belief, due *inter alia* to Cognac One's lack of use of the PAVO REAL mark, such mark has lost all significance as an identifier of source and/or indicator of origin for Cognac One's goods among consumers.

69. Upon information and belief, Cognac One has abandoned the PAVO REAL mark pursuant to 15 U.S.C. § 1127.

## EIGHTH CAUSE OF ACTION

(Inequitable Conduct against the USPTO)

70. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

71. Plaintiff alleges upon information and belief that Cognac One, through its attorneys, employees and agents, has made material misrepresentations and/or omissions to the U.S. Patent Trademark Office, in that Cognac One's counsel in filing Application Ser. No. 87/147,957 erroneously stated that the mark PAVO REAL was being used

continuously in bona fide transactions in U.S. commerce since the alleged date of first use in commerce under Trademark Act Section 1(a), and is currently in use in commerce, when in fact such use, if any, was not bona fide, nor continuous use in U.S. commerce.

72. On information and belief, in filing Appln. Ser. No. 87/147,957, Cognac One failed to disclose to the USPTO its prior abandoned Section 1(b) Appln. Ser. No. 77/327,188 for the mark PAVO REAL which was filed on the basis of intent-to-use and never perfected, and therefore Cognac One should be estopped from now asserting an alleged first use date which fell during the pendency thereof.

73. On information and belief, Cognac One made such false statements and/or omissions to induce reliance thereon by the USPTO and thereby achieve registration of the mark PAVO REAL and such false statements by Cognac One jeopardize the validity of Application Serial No. 87/147,957 or the resulting registration.

74. Upon information and belief, were Cognac One to truthfully disclose its lack of use in commerce and its prior abandoned Appln. Ser. No. 77/327,188, this would result in a denial of registration for Application Ser. No. 85/799,741 and/or result in the invalidation of the resulting registration, if any, or would otherwise estop and/or preclude Cognac One from contending that Plaintiff has infringed the PAVO REAL mark.

**NINTH CAUSE OF ACTION**
(Federal Trademark Infringement – 15 U.S.C. § 1114)

75. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

76. Defendants' above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered PAVO REAL mark in connection with the sale, offering for sale, distribution or advertising of goods or

services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of Defendants' aforesaid goods or services in violation of 15 U.S.C. §1114.

**TENTH CAUSE OF ACTION**
(Federal Unfair Competition – 15 U.S.C. § 1125(a))

77. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

78. Defendants' above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendants with Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. §1125(a).

**ELEVENTH CAUSE OF ACTION**
(Common Law Trademark Infringement)

79. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

80. Upon information and belief, Cognac One alleges that it continues to import and sell wine under the PAVO REAL mark in U.S. commerce and within the State of California.

81. Plaintiff alleges in the alternative, that Defendants' above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

82. In the event that Defendants' use of the PAVO REAL mark on wine is found likely to confuse and mislead consumers into believing that the Cognac One PAVO REAL wine is affiliated with, associated with, connected to, or sponsored by Plaintiff or its PAVO REAL mark (or vice versa), Plaintiff alleges that it will be harmed by such confusion and Defendants will unjustly benefit from such association.

83. Upon information and belief, Defendants' infringing use of the PAVO REAL mark has unjustly increased the profitability of Cognac One's alleged PAVO REAL brand to the detriment of Plaintiff and at no cost to Defendants.

84. Upon information and belief, Plaintiff will be further harmed as consumers will purchase Defendants' wine branded with the PAVO REAL mark believing it to be Plaintiff's goods and thereby forego purchase of Plaintiff's goods, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

85. Defendants' continued infringing use of the confusingly similar PAVO REAL mark will harm Plaintiff financially by diminishing the value of Plaintiff's PAVO REAL mark and endangering the ability of Plaintiff's PAVO REAL mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

86. Unless restrained by this Court, Defendants will continue to unfairly compete with Plaintiff by using the PAVO REAL mark, wherefore Plaintiff is without adequate remedy at law.

87. Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

88. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

## TWELFTH CAUSE OF ACTION
(Common Law Unfair Competition)

89. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

90. Defendants' above-averred actions constitute trademark infringement, passing off, false designation of origin and unfair competition in violation of the common law of California and the United States of America.

91. Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

**THIRTEENTH CAUSE OF ACTION**

(Unfair Business Practices under Cal. Bus. & Prof. Code §17200, *et seq.*)

92. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

93. Defendants' above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200, et seq.

94. Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. Declaring that Plaintiff's use and registration of the PAVO REAL mark does not infringe any right of Cognac One or Defendants in and to the PAVO REAL mark;
2. Declaring that Defendant Cognac One's Trademark Application Serial No. 87/147,957 is void *ab initio*;
3. Declaring that Defendant Cognac One's PAVO REAL mark is otherwise invalid;
4. Declaring that Plaintiff's PAVO REAL mark and Reg. No. 4,875,147 are valid, subsisting, registerable, enforceable trademarks;
5. That Defendant Cognac One had and/or has no bona fide intent to use the PAVO REAL mark;
6. That Defendant Cognac One has not used and has otherwise abandoned any rights it may have had to the PAVO REAL mark;
7. That Defendant Cognac One's inequitable conduct against the USPTO renders its Trademark Application Serial No. 87/147,957 and any resulting registration(s) invalid;
8. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies,

attorneys and representatives and all of those in privity with them or acting under their direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

a. Using the mark PAVO REAL or any term or mark confusingly similar thereto, on or in connection with the advertisement, promotion, distribution, importation or sale of wine;

b. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendants are one in the same or are in some way connected or that Plaintiff is a sponsor of Defendants or that the goods of Defendants originate with Plaintiff or which are likely to lead the trade or public to associate Defendants with Plaintiff;

9. That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

10. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with them or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, packaging, and any other materials bearing the PAVO REAL mark together with all artwork and other means and materials for making and reproducing the same;

11. That Defendants be ordered to recall all infringing products bearing the PAVO REAL mark in the marketplace from retailers;

12. That Defendants be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's PAVO REAL mark in an amount to be determined at trial;

13. That Plaintiff's damages be trebled and that Defendants be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

14. That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

15. In the alternative, declaring that Plaintiff is an innocent common law user of the PAVO REAL mark in a remote geographic location prior to the use of the PAVO REAL mark by Cognac One;

16. In the alternative, declaring that Plaintiff is a lawful, concurrent user entitled to registration and continued use of its PAVO REAL mark; and

17. That Plaintiff be granted such other and further relief as this Court shall deem just and proper on the merits.

Dated: September 26, 2016

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By ______________________________
Christopher J. Passarelli
Joy L. Durand

1455 First Street, Ste. 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
PAVO REAL WINES, LLC

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: September 26, 2016

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By ______________________________
Christopher J. Passarelli
Joy L. Durand

1455 First Street, Ste. 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
PAVO REAL WINES, LLC